SAUNDERS, Judge,
dissents and assigns written reasons.
|¶1 disagree with the majority opinion. It is my view that A.S.’s parental rights should not be terminated due to her substantial compliance with the case plan and the reasonable expectation of significant improvement in the parent’s conduct in the near future.
It is my position that A.S. substantially complied with the case plan such that the absence of substantial compliance prong of La.Civ. Code art. 1015(5) is not satisfied. Even with her mental health disorders, major depression and dependent personality disorder, and addiction, A.S. made strides to complete her case plan. She obtained substance abuse treatment and tested negative on the most recent drug screen. She attended and completed parenting classes as well as an anger management course. A.S. cooperated with the agency and voluntarily submitted to a psychological examination. She regularly attended visitation with her children. She obtained employment prior to trial, although it was a temporary part-time position. Based on these facts, A.S. substantially complied with her case plan.
It is also my position that there exists reasonable expectation of significant im *652 provement in A.S.’s conduct in the near future. This prong of La.Civ. Code art. 1015(5) requires that there be a lack of reasonable expectation of improvement in order to terminate parental rights. This conclusion was supported by no evidence at trial. Moreover, A.S. has made significant improvements in her life since 2012, and no evidence in the record suggests that there is reason for the improvements to wane.
I do not feel that termination is appropriate at this point. We must remain mindful that termination, under the law, is a last resort:
[C]ourts must proceed with care and caution as the permanent termination of the legal relationship existing between natural parents and the child is one of the most drastic actions the State can take against its citizens. The potential loss to the parent is grievous, perhaps more so than the loss of personal freedom caused by incarceration.
State ex rel. J.A., 99-2905 (La.1/12/00), 752 So.2d 806, 811 (citing State in the Interest of A.E., 448 So.2d 183, 185 (1984)).
Accordingly, I respectfully dissent.